FRANK R. TITUS, RESPONDENT, v. PENNSYLVANIA RAILROAD COMPANY, APPELLANT.

Submitted July 6, 1914—Decided January 27, 1915.

1. There was evidence to show that the defendant company, and its lessor before it, had maintained a certain fence along the whole line of its right of way past plaintiff's close from the very beginning, although it latterly protested that it was not liable to do so. These protests were inefficacious to discharge the com-

158    COURT OF ERRORS AND APPEALS.

Titus v. Penna. R. R. Co.                87 *N. J. L.*

pany's liability, and the case was rightly submitted to the jury upon the question of defendant's liability through lack of maintaining a sufficient fence, there being no question of right or obligation on the part of plaintiff or defendant in reference to the fence in question under the provisions of the Fence act.

2. When for a period of over twenty years the owner of one of two adjoining tracts, has continuously, without interruption and as of duty, repaired and maintained the whole of a division fence between them, a presumption arises that he or those under whom he derived title, were, as owners of a servient tenement, bound to perpetually make and maintain the fence, the existence of a former and lost agreement to do so may be inferred.

3. Defendant's answer not containing any statement of fact showing contributory negligence on the part of the plaintiff, and not pleading such a defence according to its legal effect, and such an issue not arising out of the complaint, the defence of contributory negligence was not put in issue; and, not being available on the trial, cannot be raised on appeal.

4. *Quære.* Where contributory negligence appears from the plaintiff's case upon the trial, being theretofore unknown to the defendant, should not the rule of court, requiring contributory negligence to be pleaded, be relaxed, so that the defendant may have the advantage of that defence without having put it in issue?

---

On appeal from the Supreme Court.

For the appellant, *Theodore Strong.*

For the respondent, *H. Burdett Herr.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was an action in the Hunterdon Circuit Court for damages for the killing of two cows of the plaintiff by a locomotive engine of the defendant. The cows strayed upon the defendant's right of way by going through a defective fence between the plaintiff's close and the defendant's property, and the right to recover turned principally upon the question as to whose duty it was to maintain the fence—the plaintiff's or defendant's. This question was submitted to the jury as one of fact and the jury found a verdict for the plaintiff, and defendant appeals.

The right of way in question became the property of the defendant's lessor by condemnation of land of the plaintiff's

predecessor in title about sixty years ago, with no obligation imposed upon the defendant to build or maintain the fence through which the cows broke out of the plaintiff's close onto the defendant's right of way.

There was evidence to show that the defendant company, and its lessor before it, had maintained this fence along the whole line of its right of way past plaintiff's close from the very beginning, although it latterly protested that it was not liable to do so. These protests were inefficacious to discharge the company's liability, and the case was rightly submitted to the jury upon the question of defendant's liability through lack of maintaining a sufficient fence, there being no question of right or obligation on the part of plaintiff or defendant in reference to the fence in question under the provisions of the Fence act.

Motions to nonsuit and direct a verdict, based on the contention that there was no duty shown to exist on the part of the railroad company to maintain the fence, among other reasons, were properly denied. Among the reasons was that of contributory negligence, which will be treated of hereafter. The others entirely lacked substance.

On behalf of the defendant objection was made to that part of the trial judge's charge which dealt with the common law as to the prescriptive obligation of the defendant to repair the fence and to the leaving it to the jury to decide whether, continuously and without interruption for over twenty years, the defendant maintained the fence, in which event the judge declared that the company would be liable. Upon this question the judge charged:

"That it is the law in this state that when for a period of over twenty years the owner of one of two adjoining tracts has continuously, without interruption and as of duty, repaired and maintained the whole of the division fence, a presumption would arise that he or those under whom he derived the title were, as owners of a servient tenement, bound to perpetually make and maintain the fence. The existence of a former and lost agreement to do so may be inferred; and that, gentlemen, is the crucial question in

160    COURT OF ERRORS AND APPEALS.

Titus v. Penna. R. R. Co.          87 N. J. L.

this case for you to decide; whether, notwithstanding the
fact that the defendant was not obliged to maintain this
fence under any statute or under its charter, it did, as a
matter of fact, for a period of over twenty years, contin-
uously, without interruption, and as a duty repair and main-
tain the whole of the fence along plaintiff's property.    If
you find from the evidence that it did, then the law would
infer an agreement on the part of the company to perpetually
make and maintain the fence, and if it failed to do so and
by reason of such failure the plaintiff's cattle passed through
the breaches in the fence upon the company's right of way
and were killed or injured thereon by defendant's engine,
then the defendant is liable in damages for the injury or
destruction of such cattle."

The Supreme Court in *Castner* v. *Riegel*, 54 *N. J. L.* 498,
said (at *p.* 500) :

"That an obligation to maintain partition fences might
arise by prescription which could be enforced by the writ
*curia claudenda* at common law, does not admit of doubt.
This right was said by Gale & Whatley to be a spurious kind
of easement.    *Gale & W. Easm.* 201, 202.    The easement
seems to be founded upon the duty which at common law
required the owner of a close, at his peril, to keep his cattle
thereon, and to prevent them from trespassing on an adjoin-
ing close, and when the owner of the latter erected a fence
for his protection and maintained it for the prescriptive
period, he was deemed to have discharged his neighbor from
his original duty and to have become bound to protect his
own close by some grant or agreement, the evidence of which
was lost by lapse of time.    But in whatever way the right
arose there can be no question that it did arise by prescrip-
tion at common law."

And (at *p.* 503) :

"When for a period of over twenty years the owner of one
of two adjoining tracts had continuously, without interrup-
tion and as of duty, repaired and maintained the whole of
the division fence, in my judgment a presumption would
arise that he or those under whom he derived title were, as

owners of a servient tenement, bound to perpetually make and maintain the fence. The existence of a former and lost agreement to do so may be inferred, and no other inference would be consistent with the circumstances."

It will be seen at a glance that the doctrine of Castner *v.* Riegel is dispositive of the concrete fact that the defendant company in the case at bar was liable by prescription to have imposed upon it the duty of maintaining the fence between its right right of way and plaintiff's close, if, in fact, it had maintained the fence along the whole of the dividing line between their respective premises for the statutory period of twenty years or more, and, as already remarked, there was evidence justifying the finding of the jury that the railroad company had in fact so maintained the fence.

The defendant requested the court to charge that if the plaintiff were aware that the fence was not in a secure condition and nevertheless pastured his cattle in the field bounded by it, he was guilty of contributory negligence and could not recover. This the court declined to do, and defendant now urges this refusal as one of the grounds of appeal. The question thus raised is not, however, necessary to be considered, because it was not pleaded as a defence.

The Practice act (1912) in section 3 provides that the pleadings in all actions shall be according to rules of court. Rule 40 in Schedule A annexed to the act provides that the answer must specifically state any defence which is consistent with the truth of the material allegations of the complaint, and any defence which, if not stated, would raise issues not arising out of the complaint, for instance, contributory negligence. Rule 21 provides that acts may be stated according to their legal effect, but in so doing the pleading should fairly apprise the adverse party of the state of facts which it is intended to prove. These same rules are now rules 35 and 58, Supreme Court, 1913.

Now, in the answer filed by the defendant company there is no statement of fact showing contributory negligence on the part of the plaintiff, nor any pleading of such a defence according to its legal effect, nor does such an issue arise

162    COURT OF ERRORS AND APPEALS.

Titus v. Penna. R. R. Co.    87 N. J. L.

out of the complaint in this case. Therefore, by the terms of the Practice act and rules of court under which this suit was instituted and tried, the defence of contributory negligence was not put in issue and could not be availed of by the defendant on the trial, and, upon familiar principles, it cannot be raised here.

It may well be observed in this connection that by rule 5 annexed to the Practice act, now rule 218 of the Supreme Court, it is provided that the rules may be relaxed or dispensed with by the court in any case where.it shall be manifest that strict adherence to them will work surprise or injustice; and the query naturally arises whether, where contributory negligence appears from the plaintiff's case upon the trial, being theretofore unknown to the defendant, the rule of pleading ought not to be relaxed, so that the defendant may have the advantage of that defence without having put it in issue, as that was impossible. This question, however, is not pressing for solution, because the facts constituting contributory negligence, if there were such negligence in this case, were known to the defendant before the trial.

The other matters assigned for error and urged upon our attention we deem to be without merit. The judgment, therefore, will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, HEPPENHEIMER, WILLIAMS, JJ. 14.

*For reversal*—None.